IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JEFFREY D. BOSCHERT<br>39 Erin Court<br>Pleasant Hill, CA 94523<br><br>    Plaintiff,<br><br>vs.<br><br>TASHARINA CORPORATION<br>3373 Filomenia Ct.<br>Mountain View, CA 94040<br><br>Serve: Perviz M. Guard<br>    2023 Mandelay Pl.<br>    San Jose, CA 95138<br><br>    Defendant. | Case No. 4:16-cv-1096<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff Jeffrey D. Boschert states the following for his complaint in this action:

1. Plaintiff Jeffrey D. Boschert ("Plaintiff") is an individual residing in Contra Costa County, California.

2. Defendant Tasharina Corporation ("Tasharina") is a corporation organized under the laws of California, with its principal place of business in Mountain View, Santa Clara County California.

3. Tasharina may be served with process by serving its registered agent as stated in the caption.

4. The Court has original and exclusive jurisdiction over the subject matter of this lawsuit in that Plaintiff's claims arise under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.

5. Tasharina is an online retailer that conducts most if not all of its business via online marketplaces, which Tasharina uses to expand its markets and establish regular business with forums worldwide. Tasharina markets and sells its products via online marketplaces, and the marketplaces, for a fee or commission, collect and remit the purchase price from the customers on Tasharina's behalf. Tasharina then ships the products to its customers and provides customer service.

6. Tasharina markets and sells its products through a number of different online marketplaces including Walmart.com, Sears.com, Rakuten.com, and Newegg.com. Tasharina markets, sells and distributes multiple brands including Unique Brands, Allegra K and Azzuro. Marketplace Pulse, an ecommerce analytics startup, describes Tasharina as one of the top 10 Walmart sellers.

7. Tasharina is subject to personal jurisdiction in this Court because Tasharina, individually and/or through one or more authorized agents, has and has had a continuous and systematic presence in and contacts with the state of Missouri and numerous other forums via a number of online marketplaces including, but not limited to, Walmart.com, Sears.com, Rakuten.com and Newegg.com, and has further transacted business within Missouri, entered into contracts with Missouri residents and committed acts of infringement causing damage in Missouri by marketing, selling, delivering and/or servicing goods and merchandise, including the infringing aquarium life reproduction products described herein, worldwide, including in Missouri via Walmart.com, Sears.com, Rakuten.com, Newegg.com and other online marketplaces and/or has placed its aquarium life reproduction and other products into the stream of commerce with the foreseeability, realization and expectation that the products would be purchased by and shipped to customers nationwide, including in Missouri. Tasharina's infringing marketing, sales and

distribution practices and internet-based activities via multiple online marketplaces established regular business contacts with foreign jurisdictions, including Missouri, in that Tasharina marketed, offered to sell, sold and/or delivered its products nationwide, including in Missouri, and thereby purposefully directed its unlawful activities at the citizens of Missouri, causing injury and damage in Missouri. The nature of Tasharina's activities and conduct is such that exercising jurisdiction over Tasharina in Missouri will not offend traditional notions of fair play and substantial justice.

8. Venue in this judicial district is appropriate pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) since Tasharina is subject to the Court's personal jurisdiction in this judicial district and thus "resides" in this judicial district for purposes of venue, all as is more fully set forth in this complaint.

9. On March 2, 2004, the United States Patent Office duly and legally issued United States Patent No. 6,699,535 (the "'535 Patent") to Plaintiff for an invention titled "*Reproductions of Aquarium Life Formed From Translucent Memory Retaining Polymers and Method for Reproducing the Same*." A true and accurate copy of the '535 Patent as issued to Plaintiff is attached as Exhibit 1.

10. Plaintiff is, and has been continuously since March 2, 2004, the owner of the '535 Patent.

11. Tasharina has infringed and continues to infringe the '535 Patent, literally or under the doctrine of equivalents, by importing into the United States and/or by making, using, offering to sell or selling numerous aquarium life reproduction products embodying the inventions in the '535 Patent, including but not limited to the products on the marketplace listings attached as Exhibits 2 through 6.

3

12. By letter dated March 10, 2016, Plaintiff notified Tasharina of the '535 Patent and Tasharina's infringement of the patent through the sale of "aquatic decor with features claimed and disclosed in the '535 Patent."  Plaintiff demanded that Tasharina cease and desist from the infringement.

13. Tasharina responded on March 17, 2016 by an email directed to Plaintiff's legal counsel, stating, among other things, that "[u]pon receiving [Plaintiff's] letter, we immediately removed the marketplace listings you included as addenda to your letter as well as other similar listings from all the marketplaces where we sell."  Tasharina further stated: "This process is now complete and we have also added these products to our database of items we will not sell, so this issue will not recur in the future."  The email was signed "E. Matta, Tasharina Corp. d/b/a Unique Bargains."

14. In ensuing correspondence, Plaintiff, through counsel, identified numerous additional products being imported and sold by Tasharina that infringed the '535 Patent and reiterated his demand that Tasharina cease and desist from infringing the '535 Patent.  In response, Tasharina refused to discontinue its infringing activities.  Tasharina instead misrepresented in its communications with Plaintiff that Tasharina had removed the identified products from the "marketplace listings" and sought to inaccurately minimize the extent of the infringing sales and other activity.

15. At and before the time of infringement, Tasharina had actual notice and knowledge of the '535 Patent, and of Plaintiff's published patent application and aquarium life reproduction inventions and, despite such actual notice and knowledge of the same, Tasharina imported into the United States, and/or made, used, offered to sell and/or sold the aquarium life reproductions described herein.

16. The infringement of the '535 Patent by Tasharina was and continues to be knowing, deliberate and willful in that Tasharina made a deliberate choice to import into the United States, and/or to make, use, offer to sell and/or sell a variety of aquarium life reproductions embodying the inventions in the '535 Patent, and to continue to do so, notwithstanding its actual notice and knowledge of the '535 Patent and Plaintiff's published patent application and Plaintiff's products and demand.

17. As a direct result of Tasharina's infringement, Plaintiff has sustained damages in amounts that have yet to be determined, but which include lost profits and other compensation to which Plaintiff is entitled under federal law. Plaintiff further believes that he will continue to sustain significant damages unless Tasharina is enjoined by the Court from further infringing the '535 Patent.

WHEREFORE Plaintiff respectfully prays that the Court enter a judgment against Tasharina Corporation:

(a) Declaring that the '535 Patent is not invalid and that Tasharina has infringed the '535 Patent;

(b) Preliminarily and permanently enjoining Tasharina from infringing the '535 Patent;

(c) Requiring Tasharina, at its own expense, to provide an accounting of all actionable and infringing acts and all revenue earned and/or received as a result of said actionable and infringing acts and awarding Plaintiff such damages as are necessary to compensate Plaintiff for the infringement of the '535 Patent and Plaintiff's related rights, including but not limited to interest, and which in no event should be less than a reasonable royalty for the uses

and sales made of the patented inventions;

(d) Awarding Plaintiff enhanced damages to the maximum extent allowed by law based on Tasharina's conduct, including the deliberate and willful infringement of the patented inventions;

(e) Awarding Plaintiff reasonable attorneys' fees and litigation expenses, together with costs and such other and further relief as the Court deems proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury in the above-captioned civil action on all issues so triable.

Dated: October 13, 2016

Respectfully submitted,

WALTERS BENDER STROHBEHN &. VAUGHAN, P.C.

By  /s/ *Kip D. Richards*
Kip D. Richards – Mo #39743
Michael B. Sichter – Mo #64154
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196
(816) 421-6620
(816) 421-4747 (Facsimile)
krichards@wbsvlaw.com
msichter@wbsvlaw.com

ATTORNEYS FOR PLAINTIFF